UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
JOSEPH HEINLEIN,

Plaintiff,

-against-

WESTCHESTER MARRIOTT HOTEL, TH TARRYTOWN LLC, MERRITT HOSPITALITY, LLC, and HEI HOSPITALITY, LLC,

Defendants.
---------------------------------------------------------------------X

**CONFIDENTIALITY AGREEMENT**

Case No.: 7:26-cv-05942-JGLC

It being represented to the Court that the plaintiff has requested documents from the defendants which involve trade secrets, confidential research, proprietary materials and development and/or commercial information belonging to the defendants; and

It being represented to the Court that defendants are willing to provide these documents for inspection and review only under a Protective Order upon the hereinafter stated terms and conditions; and

It being represented to the Court that all of the parties are in agreement as to the terms of the said Protective Order; therefore,

It is hereby ORDERED that:

1. Defendants will disclose documents that it designates "Confidential and Proprietary" to the parties to this suit and their attorneys, only pursuant to this Order and under the conditions that follow.

2. Any and all of the aforesaid materials disclosed by defendants and the contents thereof shall be maintained in confidence by counsel for the plaintiff and counsel for the other parties to the above-captioned litigation. The aforesaid materials shall not be photocopied

or reproduced by any means without the prior consent of counsel for defendants or until further order of this Court, except that plaintiff's attorney may make working copies for use in this litigation. Any working copies shall be treated the same as the original materials.

3. Any and all of the aforesaid materials disclosed by defendants and the contents thereof shall be used only in connection with the above-captioned matter and shall not be used for any other purpose whatsoever.

4. No person who examines any document produced pursuant to this order shall disseminate orally, in writing, or by any other means, the document(s) or the information contained therein, to any person not also authorized to examine documents under the terms of this order.

5. Counsel for plaintiff may permit an expert or experts hired by the plaintiff in the above-captioned litigation to review the documents subject to this Protective Order, but counsel for the plaintiff must first obtain from said experts a written statement confirming the expert's agreement to comply with every element of this Protective Order. Said experts shall agree that the documents and the contents thereof shall not be disclosed to any other person or entity and said documents shall not be photocopied or reproduced by any means. Any documents provided to experts must be returned to defendants' attorney within thirty days of the conclusion of the above-captioned litigation pursuant to the terms of paragraph 8 below.

6. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege and materiality.

7. Notwithstanding the foregoing provisions, this Order shall not restrict in any manner the

right of any party to offer or use as evidence at the trial of this action any of the documents subject to this Protective Order and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility of any evidentiary material.

8. At the conclusion of this lawsuit by settlement, a jury verdict, non-suit, dismissal, by judgment order or otherwise, all confidential materials, including any and all copies, or renditions made from the materials, shall be returned to defendants' attorney within thirty (30) days.

9. A breach of the terms of this Order shall entitle the producer of the confidential documents to appropriate sanctions, including but not limited to attorneys' fees and costs incurred in the enforcement of this Order. In the event the producer seeks judicial relief as a result of an alleged breach of the terms of this order, and a court shall determine that the producer is not entitled to the requested relief, the producer shall pay costs and attorneys' fees incurred by the plaintiff in defending against that request.

SO ORDERED:

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge
Dated: October 27, 2026
White Plains, New York

Agreed as to the terms and conditions:

____________________________

By: Andrew D. Weitz, Esq.
**BERKOWITZ & WEITZ LAW, P.C.**
*Attorneys for Plaintiff*
JOSEPH HEINLEIN
199 Main Street, Suite 801
White Plains, New York 10601

Thomas M. Bona

__________________________________________

By: Thomas M. Bona, Esq.
**GERBER CIANO KELLY BRADY LLP**
*Attorneys for Defendants*
TH TARRYTOWN LLC, MERRITT HOSPITALITY, LLC, HEI HOSPITALITY, LLC d/b/a WESTCHESTER MARRIOTT HOTEL
PO Box 1060
Buffalo, NY 14201